George Beisheim, Jr., J.u
On or about August 1 or 2, 1965, a 1961 Ford Thunderbird owned by Bartholomew Ruggiero was stolen from a repair shop in Thorn wood, New York, where Ruggiero had left the ear for repairs. The car was found on August 2, 1965, at about 6:00 a.m. by State Trooper Patrick F. McEleney at the bottom of a 30-foot embankment about 40 feet east of Route 100 under construction in the Town of Somers between said Route 100 and Croton Lake Reservoir. The car was considerably damaged and contained no license plates or other evidence of ownership.
Trooper McEleney telephoned defendants, who operated a service station in the Town of Somers, and asked them to remove the car to their station with their tow truck and to keep it until the owner could be ascertained. This the defendants did. Despite the normal efforts of the State Police to find the owner of the car, such as sending two teletype descriptions of the car with its serial number to Albany, the ownership of the car was not traced to Ruggiero for about 10 months.
On or about September 25, 1965, in complete ignorance of the fact that the car had been found and was being stored in an old barn at defendants’ service station, the plaintiff, Hartford Fire Insurance Company, paid Ruggiero $1,400 for his loss, which was covered by plaintiff’s policy, and took an assignment of Ruggiero’s interest in the car. In June, 1966, plaintiff dis *208 covered the car was at defendants’ service station, although how this knowledge came about was not brought out at the trial. Plaintiff demanded the return of the car by defendants, who refused to .release the same unless plaintiff paid storage charges for 63 days outside storage at $1.50 per day, 288 days inside storage at $2.50 per day, plus New York State sales tax of $16.27 and towing charges of $23, or a total charge of $868.02. (The aforesaid figures came out to $853.77, but the $14.25 discrepancy was not explained at trial.)
Plaintiff instituted this action to recover possession of the automobile pursuant to CPLR (art. 71) and defendants counterclaimed for their towing and storage charges, relying upon section 1204 of the Vehicle and Traffic Law. At the trial, the evidence disclosed that defendants had also expended $485 to repair damages to the car, and the court granted defendants’ motion to amend the pleadings to conform to the proof to claim this item of damage as plaintiff, in June, 1966, had been apprised of these repairs when its appraiser examined the automobile.
There is no question as to plaintiff being entitled to judgment awarding it possession of the car, and the court so finds and directs. Defendants’ counterclaim presents a more difficult problem.
Subdivision (b) of section 1204 of the Vehicle and Traffic Law provides that whenever any police officer (and certain other officials therein designated) “finds a vehicle unattended where it constitutes an obstruction to traffic, or any place where stopping, standing or parking is prohibited * * * [he] is hereby authorized to provide for the removal of such vehicle to a garage, automobile pound or other place of safety”. Subdivision (e) of section 1204 provides: “ The owner or other person lawfully entitled to the possession of such vehicle may be charged with a reasonable cost for removal and storage, payable before the vehicle is released ’ ’.
The difficulty of defendants, however, is that ro evidence was presented at trial to show either that the vehicle was obstructing traffic or that it was prohibited from standing where it was found by Trooper McEleney.
Defendants also are not aided by section 184 of the Lien Law which gives the garageman a lien only when the owner of the car requests the garageman make repairs or consents thereto. (Bateman v. Clark, 263 App. Div. 789; New York Yellow Cab Co. Sales Agency v. Laurel Garage, 219 App. Div. 329; Winney v. Leuci, 189 Misc. 441.)
*209 Defendants, however, are entitled under the principles of law applicable to quasi contracts for the reasonable value of towing charges and storage charges necessary to preserve plaintiff’s vehicle. Applicable to the facts in this case is the rule laid down in American Law Institute Restatement of the Law, Restitution (§ 117, subd. [1]) which states:
“ (1) A person who, although acting without the other’s knowledge or consent, has preserved things belonging to another from damage or destruction, is entitled to restitution for services rendered or expenditures incurred therein, if “ (a) he was in lawful possession or custody of the things or if he lawfully took possession thereof, and the services or expenses were not made necessary by his breach of duty to the other, and
“ (b) it was reasonably necessary that the services should be rendered or the expenditures incurred before it was possible to communicate with the owner by reasonable means, and “ (c) he had no reason to believe that the owner did not desire him so to act, and
“ (d) he intended to charge for such services or to retain the things as his own if the identity of the owner were not discovered or if the owner should disclaim, and
“(e) the things have been accepted by the owner.”
Defendants met every one of the five requirements aforesaid. The court finds, therefore, that defendants are entitled to towing charges of $23 plus storage for 351 days, the reasonable value of which the court finds to be at the rate of $1.50 per day, or $526.50.
Defendants are not entitled to recover for the $485 spent by them to make repairs to the car since said repairs were not necessary for the preservation of the vehicle.
In accordance with the foregoing, the court finds that plaintiff is entitled to judgment awarding it possession of its automobile, and defendants are entitled to judgment on their counterclaim in the sum of $549.50.