ALMON, Justice.
This suit involves an agreement in which the buyer of an airplane was to pay the purchase price with a parcel of real estate. After finding that the buyer had breached the agreement, the trial court awarded the seller $50,000 in damages. We affirm.
John Wilkinson and his business partner, Jerry Miller, obtained a Piper airplane through foreclosure of a lien. Finding that they had no use for the plane, Wilkinson and Miller (hereinafter referred to as Wilkinson) had it listed for sale with Huntsville Aviation, a Piper dealer located in Huntsville, Alabama. As a result, Wilkinson was put in contact with Dr. Graham Wood, a prospective buyer.
On March 26, 1977, Wilkinson and Wood met in South Carolina to discuss a possible purchase agreement. At this meeting, which was held under the premise that Wood would not accept any type of cash transaction, it was agreed that Wilkinson would exchange the airplane for one of several condominiums which Wood owned. The details were as follows: Wilkinson would select one condominium out of a specified group; the property selected would have at least the $40,000 equity value which Wilkinson had in the airplane; Wilkinson would pay an additional sum to the extent that Wood’s equity in the property exceeded $40,000; both Wood and Wilkinson would assume the obligations on the property they received, including the April 1, 1977 payments.
Although it is undisputed that the airplane was delivered to Wood shortly after the South Carolina meeting, there are conflicting views as to whether or not Wilkinson ever made a choice as to which condominium he wanted. Wilkinson claims that within 30 to 40 days of the meeting, he had selected a Florida condominium which had previously been represented by Wood as having a fair market value of $115,000.
In June or July of 1977, a Mr. Compton, a prospective buyer and an acquaintance of Wilkinson, inspected the Florida property and reported to Wilkinson that the fair market value was in the $80,000 to $90,000 range. A May 1978 appraisal made at Wilkinson’s request confirmed this report and placed the fair market value at $80,000.
Since the Florida property was subject to mortgages totaling $70,000, Wilkinson viewed the $80,000 appraisal as conclusive proof that the property did not have an *1064 equity value of $40,000. Accordingly, Wilkinson sought to have Wood sell the property and pay to him $40,000 from the proceeds. Wood refused to do so.
After all attempts to compromise were unsuccessful, Wilkinson sued for breach of contract and was awarded the judgment from which Wood now appeals.
Wood asserts that Wilkinson’s claim is barred by the 3-year statute of limitations contained in Code 1975, § 6-2-37. The three-year limitation applies to money due by open account, which is what Wood claims was the relationship that existed between him and Wilkinson. Both parties have spent the majority of their efforts in brief on the definition of an “open account” and whether or not that is what was involved in this case. However, we do not think that the determination of whether an open account existed between the parties is determinative. Rather, we believe a different limitations period applies.
Code 1975, § 7-2-102 states:
“Unless the context otherwise requires, this article applies to transactions in goods; it does not apply to any transaction which although in the form of an unconditional contract to sell or present sale is intended to operate only as a security transaction nor does this article impair or repeal any statute regulating sales to consumers, farmers or other specified classes of buyers.” (emphasis added)
In the present case the airplane was a good within the meaning of “goods” in Code 1975, § 7-2-105, and therefore the transaction should be covered by the provisions of article 2, of title 7, Code 1975, or more appropriately, the “Sales” article of the Uniform Commercial Code.
The applicable statute of limitations for transactions covered by the sales article is four years (§ 7-2-725), measured from the date the cause of action accrued. Even assuming the period began to run from the date of agreement, which was completed on. March 26, 1977, and this suit was filed August 22, 1980, the suit would clearly not be barred by the four-year limitation period.
The Uniform Commercial Code specifically provides that the provisions of article 2 apply to transactions where the price is payable in realty:
“(1) The price can be made payable in money or otherwise. If it is payable in whole or in part in goods, each party is a seller of the goods which he is to transfer.
“(2) Even though all or part of the price is payable in an interest in realty, the transfer of the goods and the seller’s obligations with reference to them are subject to this article, but not the transfer of the interest in realty or the trans-feror’s obligations in connection therewith.”
Code 1975, § 7-2-304.
As indicated in subsection (2) above, article 2 applies only to the transfer of the goods and the seller’s obligations as to the goods. We interpret that to mean in this case that the seller would have an action for the price of the goods but no entitlement, under article 2, to affect in any way, the real estate promised as the purchase price. Whether the seller could resort to remedies outside article 2 we do not and need not now decide.
As the above reasoning indicates, Wilkinson’s claim was not barred by the appropriate statute of limitations.
Wood next asserts that Wilkinson failed to plead or prove performance of all conditions precedent. Specifically, he says that the duty to select and assume the outstanding debt on one of the condominiums was an unspoken condition which was essential to a finding that Wilkinson should recover damages.
A review of the record, however, indicates that this defense was not raised by the pleadings. Rule 9(c) of the Alabama Rules of Civil Procedure requires that denial of performance or occurrence of a condition precedent shall be made specifically and with particularity.
Moreover, the evidence on this issue, if indeed it was asserted below, was in *1065 considerable conflict and resolved adversely to Wood by the trial judge. Consequently, the issue must be resolved against Wood under the ore tenus rule.
We have examined the remaining errors asserted by Wood and find none of them to have merit. Therefore, the judgment of the trial court is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, EM-BRY and ADAMS, JJ., concur.