FAULKNER, Justice.
This is an appeal by a residential contractor from a final judgment in a suit for breach of contract.
*1123 The dispute between Jesse Jones, Jr. and N. Wilson’s Contracting Company arises from a written contract whereby Wilson was to build a residence on Jones’s lot. Jones paid $1,100.00 in earnest money and conveyed title to the property to Wilson as part of a security for the payment for the erection of the residence. The contract had two pertinent provisions: (1) that the building would be completed by a certain date, and (2) that the agreement was contingent upon Jones’ securing a Y.A. loan.
On May 18, 1981, Jones filed a complaint seeking cancellation of the deed and monetary damages on the basis of breach of contract by Wilson. The answer denied the breach of contract and counterclaimed for monetary damages in an amount equal to the cost of the house minus the amount of the earnest money and the value of the Jones lot.
On July 19, 1982, Judge William Barber heard the case without a jury and his judgment reads in part:
“1. The provision relative to completion of the residence by the prescribed date was waived by the conduct of the parties.
2. The Veteran’s Administration refused to make the requested loan and no other lending agency agreed to make the loan.
Based upon the law involved in the cause and upon the equities existing between the parties from all of the evidence, it is CONSIDERED, ORDERED, ADJUDGED and DECREED by the Court as follows:
ONE: Defendant shall, forthwith, re-convey the subject real property to Plaintiffs.
TWO: The earnest money in the sum of ONE THOUSAND ONE HUNDRED AND NO/100 DOLLARS ($1,100.00) which has already been paid to Defendant is awarded to Defendant and shall be retained by him.”
Wilson’s arguments are predicated on the assumption that breach of contract has been established. The trial court’s judgment does not reflect a determination of this issue.
We have inspected the record and find only “PLAINTIFF’S AND DEFENDANT’S EXHIBITS” consisting of house plans, specifications, licenses issued, other documents pertaining to the building of the residence, and payments of bills by Wilson. We presume that Judge Barber allowed the retention of the earnest money as compensation of Wilson’s expenses. There is no transcript, part of a transcript, or a statement of the evidence of oral testimony in compliance with ARAP Rule 10(d). We can only speculate as to why the transcript is absent.
When ore tenus evidence is presented in a non-jury case the trial court’s findings of fact and its conclusions carry the presumption of correctness and the judgment will not be disturbed unless shown to be palpably wrong or manifestly unjust.
The Complete absence of a transcript presents us with no reviewable issue. We can only affirm. Smith v. Haynes, 364 So.2d 1168 (Ala.1978).
AFFIRMED.
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur.