This is a breach of contract case.
Appellant contends that the trial court erred to reversal in determining that appellant was entitled to recover $25 a month for rent past due under the terms of an oral agreement. Additionally, appellant alleges error in the trial court's computation of interest and taxing of costs. We affirm.
The pertinent facts are as follows:
Appellee-plaintiff brought suit against appellant-defendant for breach of contract on a written lease. Under the terms of the lease appellant-defendant agreed to rent approximately fifty acres of farm land from appellee for five years at $1,350 per year. Appellant did not pay the rent for the last two years under the lease. Appellee then filed suit against appellant.
Appellant filed a counterclaim, alleging that appellee owed rent past due on the house that was situated on the farm land appellant had rented. Appellant further alleged that appellee had allowed her son to move a mobile home onto a portion of the property, thereby depriving appellant of the use, enjoyment and benefit of that portion of the property.
After an ore tenus hearing, the trial court found that appellant had breached the written agreement and determined that appellant owed $2,700 for rent past due. On appellant's counterclaim the trial court found that appellant was entitled to recover $600 for rent past due on the house and $200 for the use of the land occupied by appellee's son. The $600 for rent equaled $25 a month for the time in question.
The trial court allowed appellant credits for the amounts due him under his counterclaim, leaving a balance due of $1,900. To that amount the trial court added $253 as interest and taxed costs against appellant.
Appellant first contends that the trial court erred in determining the amount of rent past due on the house. We do not agree.
The record reveals that appellant and appellee entered into an oral agreement concerning the rental house. Appellant testified that appellee approached him and asked to rent the house as she had no other place to live at the time. They then agreed on rent at the rate of $25 a month. It was appellant's position that he rented the house to appellee with the understanding that she would occupy the house.
Appellee prepared the house to live in, but by the time it was ready for occupancy, she had made other housing arrangements. Consequently, appellee rented the house to another for $75 a month. Appellant maintains that this arrangement breached their oral agreement, and that as a result, appellee should be required to pay $75 as a reasonable rental for the past use of the house.
Appellee, on the other hand, in effect testified that when she and appellant agreed on renting the house nothing was said concerning a condition that she live there. Appellee maintained that their verbal agreement was that she pay $25 a month for the house.
The evidence introduced, when viewed with the attendant presumptions accorded the trial court's decree, was in conflict. When ore tenus evidence is presented in a nonjury case, the trial court's findings carry the presumption of correctness and the judgment will not be disturbed unless shown to be palpably wrong or manifestly unjust. N. Wilson'sContracting Co. v. Jones, 425 So.2d 1122 (Ala. 1983); Wood v.Wilkinson, 425 So.2d 1062 (Ala. 1983). Therefore, we find that the trial court did not err in determining the amount of rent owed on the house. *Page 1094 
The appellant, through able and experienced counsel, next contends that the trial court incorrectly computed the interest due the appellee in awarding $253. The interest to the prevailing party on a breach of contract case is awarded from the day the money should have been paid, most simply, from the day of the breach. Ala. Code § 8-8-8 (1975); Brown v. Robinson,354 So.2d 272 (Ala. 1977).
This court has carefully and tediously attempted to correctly determine the award of interest due appellee. The task, needless to say, is complicated by the setoff allowed appellant on his counterclaim. However, this court's calculations reveal that the learned trial judge may have misfigured, but such error is in favor of appellant. Without going into detail, but allowing every possible credit due appellant and computed from the date of the respective breaches, this court arrives at a figure in excess of $300. Hence, no error. Rule 45, A.R.A.P.
Appellant's final contention is that the trial court erred in taxing costs.
While costs are generally taxed as a matter of course to the losing party, rule 54 (d), A.R.Civ.P., gives the trial court the authority to allocate them otherwise. Ex parte Osborn,375 So.2d 467 (Ala. 1979).
In view of the foregoing, we find no error requiring reversal.
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.