[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1088 
This is an unjust enrichment case.
On January 30, 1982, a 1979 Datsun 280 ZX automobile was stolen from its Texas owner. The local Texas police department entered an erroneous vehicle identification number into the computer. Allstate Insurance Company (Allstate), being the insurer of such vehicle against theft, paid the owner for the car and obtained title thereto on April 12, 1982.
The vehicle was involved in an accident in Mobile on February 23, 1982. Reeves, who was in the wrecker business, was summoned by the Mobile Police Department to tow the Datsun to his place of business. In April 1982 and also in July 1982, Reeves reported the automobile as being an unclaimed vehicle to the Department of Revenue of the State of Alabama. On August 2, 1982, the department informed Reeves that the Datsun was neither titled nor registered in Alabama; that it was not listed as stolen in their records and that "[D]isposition of the vehicle can now proceed in accordance with the proper statutes."
Reeves did not attempt to title the car pursuant to any code section. No auction thereof was held, but he did obtain two separate bids, of $1,450 and $1,500, upon the vehicle in its wrecked condition. He decided to repair the automobile and to keep it as his personal vehicle. He and his wife used the Datsun for their personal and family uses.
In September 1982, Reeves ran an advertisement in the want ad section in two different issues of a Mobile newspaper as to the car being abandoned. Thereby, the curiosity of two members of the Mobile Police Department was aroused, which resulted in their ascertaining that Allstate had become the owner of the vehicle and that it had been stolen. On September 23, 1982, the Mobile Police Department removed the Datsun from Reeves' possession.
The repairs performed by Reeves were reasonably worth $2,840.80, according to tendencies of the evidence. It was admitted that the vehicle was fully repaired. Reeves charged $3 daily for the storage of the automobile.
Reeves sued Allstate in detinue for the possession of the Datsun and for unjust enrichment based upon its storage and upon his work, labor and materials in repairing it. After a non-jury trial, judgment was rendered holding that Allstate had title to the automobile, but that Reeves was entitled to a lien upon the vehicle in the amount of $3,000. Allstate paid the $3,000 and appealed.
The primary issue in this case is whether plaintiff should recover from defendant the costs expended in towing, repairing and storing the car. Plaintiff may not recover either on the basis of a statutory lien or an equitable lien.
Section 32-13-3, Code of Alabama 1975, part of Alabama's Abandoned Motor Vehicle Act, gives an automobile dealer, wrecker service, or repair service owner the authority to sell an abandoned vehicle in order to satisfy a statutory lien he has in the vehicle for its towing and storage. Bryce HospitalCredit Union, Inc. v. Warrior, 50 Ala. App. 15, 276 So.2d 602
(1973). The act does not permit one performing towing and storage service, at the request of a peace officer, the right to retain the vehicle for his own personal use, nor to receive pay except a reasonable fee for the towing and storage, from the proceeds of a sale according to the statute.
Section 32-13-4, Code of Alabama 1975, requires that notice be given of the public sale either by publishing in a local publication for two consecutive weeks or by posting at the county courthouse if the *Page 1089 
county has no available publication. Plaintiff did publish a notice but it failed to comply with the statute. The notice was as follows: "To whom it may concern — one abandoned, WRECKED 1979 Datsun 280-ZX, Serial number HS130 142 712 at Reeves Body Shop, 342-6622." Section 32-13-4 requires first publication of notice of the public sale at least twenty days before the date of sale. "The notice shall include a complete description of the vehicle and the date and place the vehicle was found or taken into possession." No sale was held in any event.
As indication of plaintiff's lack of good faith, it is to be noted that he had repaired the car for use by him and his wife after learning that there was no title registered in Alabama and a month before publishing the insufficient notice. Without benefit of sale or title, he had the car insured, listing him and his wife as principal drivers. His actions clearly indicate he did not intend to comply with the statutory requirements, but rather to convert the car to his own use, contrary to law. Plaintiff's violation of Alabama's Abandoned Vehicle Act results in the loss of his statutory lien.
Equitable liens arise only when improvements or expenditures are made in good faith and under mistake as to title and not where expenditures are made with knowledge of the real state of the title. Johns v. Gilliam, 134 Fla. 578, 184 So. 140 (1938).
Plaintiff did not act in good faith when he repaired the car for his personal use, knowing he did not have title to the car. One is not entitled to the value of repairs made if they were for his own benefit and for which he received full use. SeePittman v. Pittman, 257 Ala. 80, 57 So.2d 510 (1952). Moreover, he did not have a reasonable expectation of compensation since he intended to keep the car for personal use rather than sell it or charge anyone for its repair. One may not recover for services gratuitously rendered to another with no expectation of payment. Jacks v. Sullinger, 284 Ala. 223, 224 So.2d 583
(1969). Plaintiff had no reasonable expectation for compensation, for a garageman acquires no lien for repairs to an automobile without the knowledge or consent of the owner.W.S. Brewbaker, Inc. v. McClinton, 37 Ala. App. 474,70 So.2d 813 (1954).
The recovery of the value of goods or services on the principle of unjust enrichment is founded upon equity. There can be no equity in requiring one to pay for an unintentional benefit conferred upon him without his knowledge or consent, by the voluntary, officious and self-serving acts of the one demanding payment. The conduct of plaintiff makes evident that he repaired the vehicle not to confer a benefit upon the rightful owner nor to protect his interest but to serve his own unlawful purpose of taking a valuable property as his own. Defendant incidentally, and contrary to the intention of plaintiff, may be enriched but not unjustly enriched. 66 Am.Jur.2d Restitution and Implied Contracts, §§ 5, 23; 5 A.L.R. 4th 311, § 8 (a) 343; Restatement of the Law, Restitution § 117; Hartford Fire Insurance Co. v. Albertson, 59 Misc.2d 207,298 N.Y.S.2d 321 (1969). To permit plaintiff to recover would encourage others in such business to assume ownership and control of the property of others without consent or duty contrary to law and recover the value of repairs if discovered. Had plaintiff properly complied with the statute he would have been entitled to a lien for a reasonable fee for towing and storage service. These services were for protection of the property of defendant and authorized by statute. The reasonable value of such service is recoverable. We find the trial court incorrectly applied the law in entering judgment for the value of the repairs. The judgment is reversed in that respect. The case is remanded for determination of the reasonable value of towing and storage of the vehicle until the date that plaintiff took personal possession of it for repairs and subsequent use. When so determined, judgment for plaintiff may be rendered therefor.
REVERSED AND REMANDED WITH DIRECTION. *Page 1090 
BRADLEY, J., concurs.
HOLMES, J., concurs in the result.