EDWARD N. SCRUGGS, Retired Circuit Judge.
This appeal solely concerns a monetary judgment for towing and storage charges upon a stolen automobile. We omit all other aspects of the case since they are not issues.
Mr. Hartman sued State Farm for the recovery of wrecker and storage charges as to a 1979 Mercury Cougar automobile. A contested non-jury trial was held. In viewing the testimony through the eyes of the ore tenus rule, the following evidence is pertinently revealed.
On October 5, 1982, the automobile was stolen in Mobile from the original owner, who was insured against such a loss by State Farm. That owner reported its theft to the Mobile Police Department on October 5, 1982. Upon payment to him by State Farm, title to the Mercury was transferred by the owner to that insurer.
On the date of the theft, the Loxley Police Department located the stolen vehicle. It was parked in the center of a highway in Baldwin County and Mr. Hartman, being in the wrecker and storage business, *153 was orally requested by the Loxley Police Department to tow the car to his place of business and to store it until they gave him further notice.
Shortly after finding the vehicle, the Lox-ley police ascertained, through a national computer check, that it had been stolen. After the automobile was secured, the chief of police notified the Mobile Police Department of their repossession of the stolen Cougar and, under standard operating law enforcement procedures, it then became the responsibility of the Mobile agency to notify the owner of the vehicle of its recovery. The Mobile Police Department was the only agency that could cancel the entry (that the Mercury had been stolen) in the national computer system.
Mr. Hartman was promptly notified by the Loxley police that it was a stolen vehicle and he was informed that the department would contact him again later. The police chief of Loxley instructed Mr. Hartman not to release the vehicle to anyone until the chief, or someone in his department, permitted him to do so.
No one claimed the vehicle during the next three months and, during that time, Mr. Hartman made inquiries with the Lox-ley Police Department for the identification of the owner of that stolen ear. The only person to make any inquiry of Mr. Hartman about the vehicle for those three months was a Mobile police officer, who told him that someone would come after it. Mr. Hartman was not concerned about attempting to locate the owner of the car because of the instructions and assurances which he had received from the law enforcement authorities; however, around the first week of February, Mr. Hartman examined the glove compartment of the Cougar and discovered a bill of sale in it. He contacted the person named in the bill of sale and learned that State Farm had paid the owner for the vehicle and that State Farm then owned it. The original owner had not heard from anyone about the recovery of his vehicle until that telephone conversation with Mr. Hartman on February 5, 1983. State Farm contacted Mr. Hartman within the next week whereupon he made his claim of them for storage to that time. His normal storage charge per day was $5. At the time of the trial, he had stored the vehicle in his building for approximately 310 days. His wrecker charge for the October 5, 1982, call was $45.
The Abandoned Motor Vehicle Act, §§ 32-13-1 through -8, Ala.Code (1975) and the Uniform Certificate of Title and Antitheft Act, §§ 32-8-1 through -87, Ala. Code (1975), have requirements for the filing of specified notices or forms with particular agencies in order to perfect a lien upon a vehicle for wrecker and storage charges under certain instances or circumstances. No such notice or forms were filed by either the police or by Mr. Hartman with any agency.
The trial court rendered a final judgment against State Farm and in favor of Mr. Hartman for $1,595. State Farm appealed. We affirm.
Mr. Hartman had no common law, equitable or statutory lien upon the automobile; however, the lack of such a lien did not prevent him from the recovery of a reasonable fee from State Farm for towing and storage services provided by him for the protection of State Farm’s automobile. The law to that effect was recently determined by Allstate Insurance Co. v. Reeves, 440 So.2d 1086 (Ala.Civ.App.1983), in a manner which is contrary to State Farm’s present legal contentions.
From a factual standpoint, the evidence supports the monetary judgment of the trial court which was rendered after an ore tenus hearing. That decision was not palpably wrong. Consequently, the holding of the trial court is presumed to be correct on appeal and we have no authority to overturn it. State v. St. Paul Fire & Marine Insurance Co., 431 So.2d 1237 (Ala.1983); Cash v. Mayo, 429 So.2d 1092 (Ala.Civ.App.1983).
In short, the law is adverse to State Farm’s position and we cannot override the *154-164 factual holding of the trial court. The judgment of the circuit court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.