EDWARD N. SCRUGGS, Retired Circuit Judge.
This is a breach of contract case.
The plaintiff, Rameo Roofing and Supply, Inc., sued the defendant, Hospital Building and Equipment Company, Division of H.B.E. Corporation, in the Circuit Court of Cullman County for a breach of contract. In the plaintiffs complaint it was averred that the defendant is a Delaware corporation with a principal address in St. Louis, Missouri, and that the defendant is qualified to do business in the state of Alabama and has a registered agent, The Corporation Company, One Court Square, Montgomery, Alabama. Service was had by registered mail upon the defendant through The Corporation Company in Montgomery. The defendant filed a motion to dismiss which, as last amended, averred that the plaintiffs complaint should be dismissed for lack of venue in that the defendant is not now and was not at the time of this suit doing business in any county in the state of Alabama and that the defendant is not now performing any work in Alabama and has no employees in this state. In an attempt to document those averments, the defendant attached to the motion a letter addressed to the defendant’s Cullman attorney from the vice president and general counsel of the defendant. The court reporter’s transcript contains no evidence concerning the facts alleged in the motion to dismiss and no supportive document appears in the record upon that subject except for that letter. The trial court overruled the defendant’s amended motion to dismiss the complaint for lack of proper venue. The defendant then filed an answer to the complaint and a counterclaim against the plaintiff for breach of contract. A highly contested nonjury trial was conducted before the circuit court and the case was concluded by a detailed fact-finding judgment which awarded to the plaintiff a judgment for a total of $7,744 against the defendant and entered a judgment in favor of the plaintiff and against the defendant upon the defendant’s counterclaim. After the defendant’s motion for a new trial was overruled by the trial court, a timely appeal was taken on the defendant’s behalf by its new counsel. Two issues are here raised: (1) the overruling of the defendant’s motion to dismiss for lack of venue, and (2) the denial by the trial court of damages to the defendant upon its counterclaim.
1.
As to the defendant’s motion to dismiss the plaintiff’s complaint for lack of venue in Cullman County, other than the pleadings, the only evidence or document contained in either the clerk’s record or the court reporter’s transcript relating to the defendant’s either doing or not doing business in this state is the letter of the defendant’s vice president and general counsel which was attached to the motion to dismiss which we have already detailed herein. That letter was not competent proof of the facts contained in it. Sea Scaping Construction Co. v. McAtee, 402 So.2d 919 (Ala.1981); Rule 43(e), Alabama Rules of Civil Procedure.
“The burden of proof is on the party raising the issue of venue. Ingram v. Omelet Shoppe, Inc., Ala., 388 So.2d 190 (1980). Here, petitioner has not met that burden. We find no abuse of discretion *1014 in the trial court’s order denying the motions to dismiss or transfer venue.”
Ex parte Harrington Manufacturing Co., 414 So.2d 74, 76 (Ala.1982).
Additionally, when the plaintiff rested its case, which was near the middle of the trial, the defendant moved that the plaintiffs case either be dismissed or transferred to another county because of lack of venue. The plaintiff responded that evidence had been previously taken on the motion, whereupon the trial court stated that the matter had already been resolved through the prior hearing. Thus, it appears that evidence upon the motion was presented at that prior hearing, which evidence is not before us. We must conclusively presume that the evidence presented at the motion hearing was sufficient to authorize the order of the trial court which overruled the defendant’s venue motion. Roberts v. Roberts, 424 So.2d 644 (Ala.Civ. App.1982).
For either of the above reasons, we find no error as to this issue.
2.
Under the contract of the parties, the plaintiff, as a subcontractor, was to install the roofs upon a hospital which was being constructed in Milledgeville, Georgia, the defendant being the general contractor therefor.
No issue is raised as to the award of a judgment to the plaintiff for $7,744, which clearly included the balance due under the contract as well as $1,044 for extra work performed by the plaintiff in March 1981 at the request of the defendant. At that time the plaintiff repaired damage to the roof of building “B,” which damage had been caused by other subcontractors and tradesmen. Several months later a leak occurred in the roof of that same building at two different times. The defendant notified the plaintiff on those two occasions of ' the leaks but, when the repairs were not subsequently made by the plaintiff, the defendant contracted with two other roofing companies to do so, which is the basis of the counterclaim of the defendant against the plaintiff.
After an extensive one-day trial that lasted from 9:00 a.m. until 8:00 p.m., the trial court found for the plaintiff upon the defendant’s counterclaim and made a very detailed finding of fact as to that issue.
. We have read the entire one hundred eighty page transcript of the evidence. The testimony conflicts. For example, upon a very pivotal question of fact, there was evidence for the defendant that the leaks and damage were occasioned by a faulty installation of a portion of the flashing, which was the responsibility of the plaintiff; and, on the other hand, the plaintiff presented evidence that those leaks and damage were caused by someone breaking a roof vent and removing its cover, thereby creating a leak, for which the plaintiff was blameless. There is no need to further summarize the evidence. Suffice it to say that we find that there was credible evidence which supported the trial court's findings and holding. Where a nonjury trial is held ore tenus before the trial court, it is presumed that the factual findings of the trial court are correct and we are not authorized on appeal to change the trial court’s decision unless it was so unsupported by the evidence as to be palpably wrong. N. Wilson’s Contracting Co. v. Jones, 425 So.2d 1122 (Ala.1983); Jones v. LeFlore, 421 So.2d 1287 (Ala.Civ.App.1982). “Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility of the witnesses.” Rule 52(a), A.R.Civ.P. There was credible evidence which upholds the trial court’s decision. The judgment of the trial court was not palpably wrong, clearly erroneous, nor unjust.
Having found no error regarding either of the issues so aptly argued by able counsel for both parties, the judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of section 12-18-10(e), Code *1015 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.