This began as a divorce case.
Sara Battles (Atchison), appellee, brought a divorce action alleging a common law marriage to Guy Battles (appellant). After an ore tenus hearing without benefit of a reporter, the trial court entered a final order denying the existence of a common law marriage upon which to grant a divorce. In her divorce complaint, and later in an amendment, appellee sought reimbursement for the $3,760 she spent in remodeling appellant's kitchen. She claimed the remodeling unjustly enriched appellant by increasing the value of his home at her expense. As a part of that order, appellant was ordered to pay $3,760 to appellee to reimburse her for repairs and remodeling she had done in his house. Appellant urges here that the trial court abused its discretion in that award to appellee.
Neither party questions the trial court's ruling that no common law marriage existed. Appellant contends that, because no marriage existed upon which to grant a divorce, the trial court erred in making any award to appellee. *Page 815 
At this juncture, we note that there was no transcript of the proceedings below, and appellant's compliance with Rule 10(d), Alabama Rules of Appellate Procedure, is commendable. Appellant provided for the record a statement of evidence as he recalled it; the appellee made some objections and offered additional evidence; and there was a statement of evidence from the trial judge. The statements were fairly consistent and provided this court a concise record for review in this appeal and revealed certain pertinent facts.
Appellant and appellee had a cohabitive relationship in appellant's home from approximately September 1984 until approximately November 1985. The parties agree that they never legally married, partly because appellee was not divorced from her legal husband until January 1985. There is evidence that they discussed setting a date to marry on more than one occasion, even to the extent of appellant purchasing material to make appellee's wedding dress.
During the cohabitation, appellee chose to remodel the kitchen to her liking over appellant's strong objections. Appellant and a witness testified that the kitchen was larger and better before appellee had it changed. No dispute arises over the amount appellee claims to have spent on this project. Appellee testified that she spent her money remodeling the kitchen knowing appellant opposed it because she wanted to make a contribution. The countertop was extended to accommodate her microwave. Testimony conflicts as to whether or not appellant sent carpenters away the first time they arrived to do the work. However, all witnesses, including appellee, testified that the appellant did not want the kitchen changed, that he urged appellee not to spend her money doing it, and that he was not paying to have the kitchen changed.
We recognize here the axiom that once having assumed jurisdiction, a court of equity will settle all the equities between the parties. Creel v. Creel, 342 So.2d 793
(Ala.Civ.App. 1977). Therefore, the trial court addressed appellee's claim regarding the remodeling on the theory of unjust enrichment, using the following language: "The court finds that it would be an injustice for the defendant to benefit from these repairs and replacements that have no doubt increased the value of his home." The record before this court indicates that no evidence was presented regarding the value of the home either with or without the remodeling, and to conclude that the value was increased conflicts with the testimony.
The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another.Birmingham Broadcasting Co. v. Bell, 259 Ala. 656, 68 So.2d 314
(Ala. 1953), and Christie v. Durden, 205 Ala. 571, 88 So. 667
(Ala. 1921).
There was disputed testimony as to whether appellant received any benefit, or whether it was the appellee who benefited by changing the kitchen to suit her own tastes. Even if appellant received a benefit or enrichment, this court has held that: "There can be no equity in requiring one to pay for an unintentional benefit conferred upon him without his . . . consent, by the voluntary . . . self-serving acts of the one demanding payment." Allstate Insurance Co. v. Reeves,440 So.2d 1086, 1089 (Ala.Civ.App. 1983). "Defendant . . . may be enriched but not unjustly enriched. . . . To permit plaintiff to recover would encourage others . . . to assume . . . control of the property of others without consent . . . and recover the value of repairs. . . ." Allstate, 440 So.2d at 1089.
Consequently, the trial court abused its discretion in the monetary award to appellee under the theory of unjust enrichment. That part of the final order is due to be reversed and remanded to the trial court for an order consistent with this opinion.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur. *Page 816