Phillip Wyatt filed suit against DeRamus Exxon, Inc. (DeRamus), alleging that DeRamus sold his truck as an abandoned vehicle under the provisions of the Abandoned Motor Vehicle Act without giving him personal notice of the sale under Ala. Code 1975, § 32-13-4(a).
Both Wyatt and DeRamus filed motions for summary judgment with supporting documentation. After a hearing, the trial court issued an order, wherein it determined that § 32-13-4(a) was controlling in this case and that DeRamus failed to meet the notice requirements of that code section. The trial court rendered a judgment in favor of Wyatt in the amount of $6,425, plus court costs.
DeRamus appeals. We affirm.
The dispositive issue is whether the trial court committed reversible error when it determined that § 32-13-4(a) was controlling in this case and that DeRamus failed to meet the notice requirement under that code section.
Our review of the record reveals the following: In April 1990, Wyatt requested that DeRamus tow his truck to its place of business and determine what was required to make the vehicle operational. DeRamus provided Wyatt with an estimate of the cost of repairs and requested a deposit before beginning work.
Thereafter, Wyatt requested that his truck be returned. DeRamus informed Wyatt that in order for it to return the truck, Wyatt would have to reimburse it for labor and storage. Wyatt refused to pay the amount requested. Wyatt hired two different attorneys to negotiate the return of his truck. Wyatt's mother contacted DeRamus in an attempt to secure the return of her son's truck. However, the truck remained at DeRamus's place of business until it was sold in April 1992.
When DeRamus decided to sell Wyatt's vehicle, along with several other abandoned vehicles located at its place of business, it placed a notice of the proposed sale of these *Page 451 
vehicles in The Gadsden Times for two consecutive weeks. This notice listed twelve vehicles by make, model, year, and vehicle identification number and stated that the listed vehicles would be sold for repair and storage charges.
DeRamus contends that it met the notice requirements of Ala. Code 1975, §§ 32-13-3 and -4(b), and that it should not have to meet the notice requirements of § 32-13-4(a) as required by the trial court because it did not have a valid address for Wyatt.
Section 32-13-3 provides, in pertinent part:
 "Any . . . wrecker service or repair service owner, . . . who shall have an abandoned motor vehicle on his property, may sell the same at public auction. Notice of the date and place of the sale and a description of the vehicle to be sold shall be given by a newspaper publication at least 10 days before the date of the sale in a newspaper of general circulation in the county in which the sale is to be held. . . . Upon payment of the sales price, the purchaser shall be entitled to and the person making such sale shall issue to him a bill of sale to such abandoned motor vehicle, free and clear of all liens and encumbrances."
Section 32-13-4(b) provides, in pertinent part:
 "If the name and address of the owner . . . of the vehicle are unknown or cannot be reasonably ascertained, then the notice required herein shall be given by publication once a week for two successive weeks in a newspaper of general circulation in the county in which the sale is to be held. . . . The first publication . . . shall be at least 30 days before the date of sale."
(Emphasis added.)
Section 32-13-4(a) provides, in pertinent part:
 "Any . . . wrecker service or repair service owner . . . shall give written notice to the owner . . . at least 30 days prior to the date of the sale of the motor vehicle advising of (1) the complete description of the vehicle and the date and place the vehicle was found or taken into possession, (2) the approximate amount owed for the cost of repair, towing and storage, (3) the location of storage of the vehicle, (4) the time and place that a sale of the vehicle will be held, (5) the right of the owner . . . to contest the right to sell such vehicle by the filing within 10 days before the date of the sale of the vehicle of an application for hearing to be conducted before the judge of the district court or circuit court of the county in which the sale is to be held. . . . The notice required by this section shall be deemed to be given when sent by certified mail, postage prepaid, to the address of the owner . . . shown on any public filing evidencing such ownership . . . or, if none, to any such address ascertained by reasonable effort."
(Emphasis added.)
While it is true that DeRamus complied with the notice provisions of §§ 32-13-3 and -4(b), it failed to comply with the notice provisions of § 32-13-4(a). Section 32-13-4(b) concerns the notice requirements when "the name and address ofthe owner . . . of the vehicle are unknown or cannot bereasonably ascertained." In this case, the name of the owner of the vehicle was known.
DeRamus argues that while it knew that Wyatt owned the vehicle, it was unable to locate his address prior to publishing the notice of the sale in the newspaper. Sheldon Wayne Bush, a part owner and the business manager of DeRamus, filed an affidavit in support of the motion for summary judgment filed by DeRamus. In his affidavit, Bush states that he "made an attempt to locate [Wyatt]." However, we note that there was no evidence presented as to the efforts made to locate Wyatt.
The sale of an individual's vehicle under the Abandoned Motor Vehicle Act directly affects his property rights to this vehicle, just as a lawsuit can directly affect an individual's rights. In Shaddix v. Shaddix, 603 So.2d 1096 (Ala.Civ.App. 1992), this court held that notice by publication is precluded if there is a failure to exercise due diligence in perfecting personal service of process.
Here, DeRamus must have exercised due diligence in attempting to locate an address for Wyatt prior to publishing the notice in *Page 452 
the newspaper, pursuant to § 32-13-4(b). As noted above, there was no evidence as to the efforts made to locate Wyatt, only a statement in an affidavit that Bush "made an attempt to locate [Wyatt]" prior to publishing the notice of the sale in the newspaper. In fact, Curly DeRamus, one of the owners of DeRamus, testified in his deposition that when DeRamus was preparing to sell the twelve vehicles, which included Wyatt's vehicle, someone at the courthouse told him that you no longer had to give personal notice to the owner of the vehicle.
We also note that there was evidence that Wyatt's mother had contacted DeRamus about the return of her son's truck and that Thomas DeRamus, the head mechanic at DeRamus, knew where Wyatt's mother lived. In addition, there were two different attorneys who had contacted DeRamus to negotiate the return of the truck. There is no evidence that any of these sources were contacted in an attempt to learn the whereabouts of Wyatt. We further note that Wyatt stated in his affidavit that he lived at the same physical address the entire time that his truck was at the DeRamus's place of business.
Therefore, in light of this evidence before the trial court, we cannot say that the trial court erred when it determined that § 32-13-4(a) was controlling in this case and that DeRamus failed to meet the notice requirements of that code section.
This case is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.