CRAWLEY, Judge.
This appeal arises from an action in which SouthTrust Bank (“the secured creditor”), alleged, among other claims, a claim in detinue as to two motor vehicles; DeWayne Brown was the owner of the vehicles, and D & L Enterprises, Inc. (“the garage”), owned the premises where the vehicles were stored. All claims, except the claim in detinue, were dismissed. The trial court awarded the secured creditor possession of the two motor vehicles, set the alternative value of the vehicles at $25,000, and awarded the secured creditor an attorney fee in the amount of $7,500. Brown and the garage appealed. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975. We affirm in part, reverse in part, and remand.
It is undisputed that Brown, as consideration for a loan, gave a valid security interest in the motor vehicles to the secured creditor. Brown defaulted on the loan, left the vehicles on the premises of the garage, and filed a petition in bankruptcy. Almost a year after Brown was granted a discharge in bankruptcy, the secured creditor began efforts to repossess the vehicles. The garage refused to give up possession of the vehicles until storage fees for approximately one year were paid.

I. Notice

In awarding possession of the vehicles to the secured creditor, the trial court specifically relied on the notice provisions in § 32-13-3(a)(2), Ala.Code 1975. This Code section, however, is inapplicable to the case at hand. Section 32-13-3(a)(2) provides:
“Any person or firm on whose property an abandoned motor vehicle as defined *747 in subdivision (2) of Section 32-13-1 has been lawfully towed, or the owner or lessee of real property or his or her agent upon which and abandoned motor vehicle as defined in subdivision (2) of Section 32-13-1 has become abandoned, and who has the abandoned motor vehicle as defined in subdivision (2) of Section 32-13-1 on his or her property, except vehicles which have been claimed within seven days after being towed, and who has notified or attempted to notify by certified mail, return receipt requested, the owner or lienholders of record, if any, after the abandoned motor vehicle was lawfully towed onto his or her property, may, 60 days after the abandoned vehicle was lawfully towed, sell the vehicle at public auction. In addition, if notice was not given or attempted to be given as provided herein to the owner or lienholders, no additional storage charges may be added after 30 days.”
(Emphasis added.) The vehicles at issue, however, are not abandoned motor vehicles as defined in § 32-13-1(2); rather, they are abandoned motor vehicles as defined in § 32-13-1(1), which provides that an “abandoned motor vehicle” is a motor vehicle
“[wjhich has been left by the owner, or some person acting for the owner, with an automobile dealer, repairman or wrecker service for repair or for some other reason and has not been called for by the owner or other person within a period of 60 days after the time agreed upon and within 60 days after the vehicle is turned over to a dealer, repairman or wrecker service when no time is agreed upon, or within 60 days after the completion of necessary repairs.”
Brown was the owner of the vehicles when the vehicles were left at the garage. The secured creditor became the owner of the vehicles when Brown was discharged in bankruptcy. It is undisputed that the secured creditor did not “call for” the vehicles within 60 days after the vehicles were left at the garage. Although the vehicles were not left at the garage for repair, they were left “for some other reason,” i.e., storage. The vehicles clearly fall under the definition of an “abandoned motor vehicle” provided in § 32-13-1(1).
Section 32-13-3(a)(l) provides the authority to sell an abandoned motor vehicle as defined in § 32-13-1(1); it states:
“Any automobile dealer, wrecker service or repair service owner, or any person or firm on whose property a motor vehicle is lawfully towed at the written request of a law-enforcement officer, or the owner or lessee of real property, or his or her agent upon which an abandoned motor vehicle as defined in subdivision (1) or (3) of Section 32-43-1 has become abandoned, and who has the abandoned motor vehicle as defined in subdivision (1) or (3) of Section 32-13-1 on his or her property, may sell the vehicle at public auction.”
(Emphasis added.) Section .32-13-3(a)(l) does not require that an abandoned motor vehicle be sold. It merely authorizes the sale of such a vehicle and identifies what type of notice is required in regard to the sale of such a vehicle. However, § 32-13-3(a)(1) is silent as to notice regarding the storage of an abandoned motor vehicle.
“The sale of an individual’s vehicle under the Abandoned Motor Vehicle Act directly affects his property rights to this vehicle, just as a lawsuit can directly affect an individual’s rights.” DeRamus Exxon, Inc. v. Wyatt, 636 So.2d 450, 451 (Ala.Civ.App.1994). However, in the instant case, the garage is not trying to affect the secured creditor’s property interest in the vehicles. Instead, the garage is trying to recover a reasonable storage fee for storing the secured creditor’s vehicles.
*748 In State Farm Mutual Automobile Insurance Co. v. Hartman, 450 So.2d 152 (Ala.Civ.App.1984), this court recognized that although a garage owner had no common-law, equitable, or statutory lien upon an automobile, the garage owner was nonetheless entitled to recover a reasonable storage fee from State Farm for providing towing and storage services for the protection of State Farms automobile. 450 So.2d at 153; see also Allstate Ins. Co. v. Reeves, 440 So.2d 1086 (Ala.Civ.App.1983). The trial court in this case refused to award a reasonable storage fee to. the garage; the trial court based its judgment on Allstate Insurance Co. v. Reeves, supra, which states: “One may not recover for services gratuitously rendered to another with no expectation of payment.” 440 So.2d at 1089. However, that language in Reeves applied to repairs that the garage owner in that case had made to the automobile so that he could use the automobile as his own personal automobile. This court in Reeves nonetheless held that the garage owner in that case was entitled to a reasonable towing and storage fee for providing those services up to the date that he took personal possession of the automobile. The garage in the instant case is, likewise, entitled to a reasonable storage fee.

II. Alternative Value

The garage and Brown contend that the trial court erred in setting the alternative value of the two vehicles at $25,000 because, they allege, there was no evidence of this value. Instead, the garage owner testified that -the two vehicles were worth $3,000 at the- time of trial. The garage cites no authority in support of this argument.
“The appellant fails to cite any authority in support of his arguments concerning the injunctive relief. ‘Where an appellant fails to cite any authority for an argument, this Court may affirm the judgment as to those issues, ■ for it- is neither this Court’s duty nor its function to perform all the legal research for an appellant. Rule 28(a)(5), Ala. R.App. P ’ ”
Spradlin v. Birmingham Airport Auth., 613 So.2d 347, 348 (Ala.1993) (citations omitted).

III. Attorney Fee

Section 6-6-260, Ala.Code 1975, allows a trial court to award an attorney fee to the prevailing party in an action in detinue. The garage and Brown do not address the applicability of this section, but they state in their appellate brief that “[t]here is no statute which authorizes a fee award here.” Because we reverse the judgment insofar as it awards the secured creditor possession of the vehicles without requiring the secured creditor to pay the garage a reasonable storage fee, we also reverse the judgment as to an attorney fee based on the claim in detinue.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
YATES, P.J., and PITTMAN, J., concur.
THOMPSON and MURDOCK, JJ„ concur in the result, without writing.