MOORE, Judge.
Doris Hardy appeals from a judgment of the Tuscaloosa Circuit Court (“the trial court”) to the extent that it denied her claim alleging unjust enrichment against Ronald W. Smith and Nancy R. Smith. The Smiths cross-appeal to the extent that the trial court entered a summary judgment on the issues whether Boyd Avenue is a public road and whether Hardy had adversely possessed that road.

*67
Procedural History

On August 5, 2008, Hardy filed a complaint against the Smiths alleging claims of fraud and breach of contract; she also requested a declaratory judgment relating to certain properties that she had allegedly purchased from the Smiths. Hardy subsequently filed an amended complaint. On September 16, 2009, the Smiths filed an answer and a counterclaim alleging trespass and nuisance, willful and wanton conduct, and breach of contract; they also requested a declaratory judgment and in-junctive relief. On October 8, 2010, the Smiths filed a motion for a summary judgment on all Hardy’s claims. Hardy filed a response on November 5, 2010. On December 80, 2010, the trial court entered an order granting the Smiths’ summary-judgment motion in part and denying it in part; certain aspects of Hardy’s declaratory-judgment claim and Hardy’s breach-of-contract claim remained pending.
On February 4, 2011, Hardy moved the trial court to allow her to file a second amended complaint, which added Tuscaloosa County as a party and requested a determination as to whether a certain portion of property known as Boyd Avenue (“the disputed property”) is a public road. The trial court allowed the second amendment, and Tuscaloosa County subsequently answered the complaint.
On February 22, 2011, the Smiths filed an amended motion for a summary judgment. On March 3, 2011, Hardy moved for a summary judgment regarding whether the disputed property is a public road and whether she owned that property by adverse possession. On March 22, 2011, the Smiths responded to Hardy’s motion, and, on March 28, 2011, Hardy filed a reply to the Smiths’ response.
After a jury trial on the parties’ contract claims, a jury determined that neither party had proven the existence of any contract. Thereafter, Hardy moved the trial court to consider a claim that the Smiths had been unjustly enriched. On August 1, 2011, after a hearing on the remaining claims, the trial court entered a final judgment disposing of the remaining claims; the trial court held that the disputed property is not a public road and that Hardy had acquired title to the disputed property, and it dismissed, without prejudice, Hardy’s claim alleging unjust enrichment. On August 31, 2011, Hardy and the Smiths both filed postjudgment motions. On October 3, 2011, the trial court entered an order setting aside the final judgment and allowing Hardy to prosecute her unjust-enrichment claim.
On March 14, 2012, after a hearing on Hardy’s unjust-enrichment claim, the trial court entered a final judgment that, among other things, determined that the disputed property is not a public road, determined that Hardy had acquired title to certain property specifically described in the judgment, and denied Hardy’s unjust-enrichment claim. Any claims not specifically addressed in the judgment were denied. That same day, Hardy filed a request for findings of fact and conclusions of law regarding the unjust-enrichment claim. She also requested that the trial court alter, amend, or vacate the judgment or grant her a new trial. On March 15, 2012, the trial court entered an order denying Hardy’s postjudgment motion. On April 12, 2012, the Smiths filed a motion requesting that the trial court reconsider and/or clarify certain provisions of the judgment. Specifically, the Smiths requested that the trial court clarify that the issue whether the disputed property is a public road was decided at the summary-judgment stage and not at trial. On April 26, 2012, Hardy filed her notice of appeal; that notice of appeal was held in abeyance pending the disposition of the Smiths’ *68 postjudgment motion. See Rule 4(a)(5), Ala. R.App. P. The Smiths’ motion was denied by operation of law on July 11, 2012. Rule 59.1, Ala. R. Civ. P. On August 15, 2012, the Smiths timely cross-appealed.

Discussion

Appeal

On appeal, Hardy argues that the trial court erred in denying her claim alleging unjust enrichment. At the trial, Hardy testified that she had paid the Smiths a total of $24,000 from 2000 until 2002 in order to purchase certain land known as “the Hollow.” Hardy also testified that she and the Smiths had agreed that she would purchase from the Smiths a mobile home and the land upon which the mobile home was situated. She testified that, pursuant to the agreement she had with the Smiths, she was required to pay the monthly payments on a loan that was secured by the mobile home and the insurance on the mobile home and that she had done so from 2000 until the lawsuit was filed. She testified that, after the lawsuit was filed, she deposited the monthly loan payments into her attorney’s trust account. The Smiths, on the other hand, testified that they had never agreed to sell the Hollow to Hardy, but, they said, they had agreed to sell Hardy the mobile home and less than one acre of real property upon which the mobile home was situated. The Smiths testified that, according to their agreement, Hardy was to pay them $1,000 per month for two years, was to make the loan and insurance payments on the mobile home, and was to pay off the loan secured by the mobile home within two years. It was undisputed that Hardy never paid off the loan but that she had made the $1,000 monthly payments for two years and had paid the monthly loan and insurance payments until the time the lawsuit was filed.
As noted previously, after a jury trial on the contract claims, the jury determined that neither party had proven that a contract existed. Thereafter, Hardy requested that she be awarded $24,000 on the basis that the Smiths had been unjustly enriched by the payments she had made because she had not received any property in return.
“ ‘In order for a plaintiff to prevail on a claim of unjust enrichment, the plaintiff must show that
“ ‘ “the ‘ “defendant holds money which, in equity and good conscience, belongs to the plaintiff or holds money which was improperly paid to defendant because of mistake or fraud.” ’ Dickinson v. Cosmos Broad. Co., 782 So.2d 260, 266 (Ala.2000) (quoting Hancock-Hazlett Gen. Constr. Co. v. Trane Co., 499 So.2d 1385, 1387 (Ala.1986)).... ‘The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another.’ Battles v. Atchison, 545 So.2d 814, 815 (Ala.Civ.App.1989).”
“ ‘Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1123 (Ala.2003). “‘One is unjustly enriched if his retention of a benefit would be unjust.’ ” Welch v. Montgomery Eye Physicians, P.C., 891 So.2d 837, 843 (Ala.2004) (quoting Jordan v. Mitchell, 705 So.2d 453, 458 (Ala.Civ.App.1997)). The retention of a benefit is unjust if
“ ‘ “ ‘(1) the donor of the benefit ... acted under a mistake of fact or in misreliance on a right or duty, or (2) the recipient of the benefit ... engaged in some unconscionable conduct, such as fraud, coercion, or abuse of a confidential relationship. In the absence of mistake or misre- *69 liance by the donor or wrongful conduct by the recipient, the recipient may have been enriched, but he is not deemed to have been unjustly enriched.’ ”
“ ‘Welch, 891 So.2d at 843 (quoting Jordan, 705 So.2d at 458). The success or failure of an unjust-enrichment claim depends on the particular facts and circumstances of each case. Heil-man, supra.’
“Mantiply v. Mantiply, 951 So.2d 638, 654-55 (Ala.2006) (emphasis omitted).”
Presley v. B.I.C. Constr., Inc., 64 So.3d 610, 625 (Ala.Civ.App.2009).
In the present case, the evidence indicated that Hardy had been in possession of the mobile home from 2000 until the time of the trial. Further, the Smiths had not received any payment on the mobile home from the time that the lawsuit was filed until the trial. There was no evidence indicating the fair rental value of the mobile home or whether the payments Hardy had made from 2000 until 2008 exceeded that value. In addition, the Smiths testified that the mobile home was in a state of disrepair at the time of the trial. Based on those particular facts, we conclude that Hardy failed to meet her burden of showing that the Smiths were unjustly enriched. Therefore, we affirm the trial court’s judgment on Hardy’s unjust-enrichment claim.

Cross-Appeal

In their cross-appeal, the Smiths argue that the trial court erred in entering a summary judgment on the issues whether the disputed property is a public road and whether Hardy had acquired possession of the disputed property by adverse possession.[1]
“ “We review a summary judgment de novo, applying the same standard as was applied in the trial court. A motion for a summary judgment is to be granted when no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Aa. R. Civ. P. A party moving for a summary judgment must make a prima facie showing “that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” Rule 56(c)(3), Aa. R. Civ. P. The court must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990). If the movant meets this burden, “the burden then shifts to the nonmovant to rebut the movant’s prima facie showing by ‘substantial evidence.’ ” Lee v. City of Gadsden, 592 So.2d 1036, 1038 (Ala.1992).’ ”
Barrett v. Lee Brass Co., 883 So.2d 227, 228 (Ala.Civ.App.2003) (quoting Bailey v. R.E. Garrison Trucking Co., 834 So.2d 122, 123 (Ala.Civ.App.2002)).
A. Whether the disputed property is a public road
“A road can be made public in one of three ways: ““1) by a regular proceeding for that purpose; 2) by a dedication of the road by the owner of the land it crosses, with acceptance by the proper authorities; or 3) the way is generally used by the public for twenty years.’ ” ’ ”
*70 Harper v. Coats, 988 So.2d 501, 504 (Ala.2008) (quoting Arnett v. City of Mobile, 449 So.2d 1222, 1224 (Ala.1984), quoting in turn Sam Raine Constr. Co. v. Lakeview Estates, Inc., 407 So.2d 542, 544 (Ala.1981), quoting in turn Powell v. Hopkins, 288 Ala. 466, 472, 262 So.2d 289, 294 (1972)).
With regard to statutory dedication, we note that, on one of the maps in the record, the disputed property is indicated as being a part of Boyd Avenue; however, there is no northern boundary to Boyd Avenue at the particular location of the disputed property. For a proper statutory dedication, “[t]he street must be so identified on the map, as to location, width, and length, that a surveyor may thereafter go upon the ground and lay it out.” Manning v. House, 211 Ala. 570, 573, 100 So. 772, 774 (1924) (superseded by statute on other grounds). Because the map shows the purported public road as having no northern boundary, it would be impossible for a surveyor to “lay it out.” Therefore, the trial court properly found that the disputed property was not statutorily dedicated as a public road.
“[I]n order to make a common law dedication, the owner of property must express an intention to dedicate the property. Also, there must be an acceptance of the dedicated property by the public or by an authorized person or body of persons acting in its behalf.” Stapler v. Hicks, 530 So.2d 230, 231 (Ala.1988). In the present case, the disputed property is adjacent to a parcel of property, which is separate from the property previously discussed, on which a two-story house is located (“the home site”) and which the Smiths had sold to Hardy. Although Boyd Avenue appears on the plat as early as 1912, the undisputed evidence indicated that no public road had ever been opened or maintained on the disputed property. The only evidence of the county’s involvement was that Ronald Smith had requested that Tuscaloosa County put in a drainage ditch along the roadway comprising the disputed property and that the county had done so. Ronald Smith testified that that had occurred before 1988. Further, the undisputed evidence indicated that the disputed property had been maintained by the Smiths and, subsequently, by Hardy for over 20 years. The Smiths had built a driveway and a “turn-around” area on the disputed property and had sodded that area; Hardy had continued to use the driveway and turnaround area on the disputed property after she purchased the home site from the Smiths. Based on the foregoing evidence, we conclude that there was insufficient evidence to indicate that any common-law dedication of the disputed property as a public road had been accepted by the county-
Furthermore, we conclude that the same evidence that we relied on in concluding that the county did not accept any common-law dedication also precludes a finding of a dedication by prescription, see Ford v. Alabama By-Prods. Corp., 392 So.2d 217, 218 (Ala.1980) (“An open, defined roadway, through reclaimed land, in continuous use by the public as a highway without let or hindrance for a period of twenty years becomes a public road by prescription.”), and, even if there was a proper dedication, would indicate that the road had been abandoned, see Kennedy v. Hines, 660 So.2d 1335, 1339 (Ala.Civ.App.1995).
Based on the foregoing, we conclude that the trial court properly found that the disputed property was not a public road.
B. Whether Hardy adversely possessed the disputed property
The Smiths also argue that Hardy could not “tack” the period of her possession of the disputed property onto *71 their period of possession to meet the statutory period for adverse possession because, they say, they did not intend to adversely possess the disputed property.
“Another essential element of adverse possession relates to the claimant’s intent to assert dominion and control over the disputed property. Reynolds v. Rutland, 365 So.2d 656 (Ala.1978). The Reynolds court emphasized, however, that although ‘intent to claim the disputed strip is required, there is no requirement that the intent be to claim property of another, as such a rule would make adverse possession dependent upon bad faith. Possession is hostile when the possessor holds and claims property as his own, whether by mistake or willfully. Smith v. Brown, [282 Ala. 528, 213 So.2d 374 (1968) ].’ Id. at 657-58.”
Strickland v. Markos, 566 So.2d 229, 233 (Ala.1990).
In his deposition, Ronald Smith unequivocally testified that he had not intended to adversely possess the disputed property and that, at all times, he had understood the disputed property to be a public road; that testimony is evidence that the Smiths subjectively did not intend to adversely possess the disputed property. Smith further testified that, at some point before 1988, he had requested that the county install a drainage ditch on the disputed property; that testimony is objective evidence that the Smiths did not intend to adversely possess the disputed property. Although there is other objective evidence indicating that the Smiths’ intent was, in fact, to possess the disputed property, this court “ ‘must view the evidence in a light most favorable to the nonmoving party and must resolve all reasonable doubts against the movant.’ ” Barrett, 883 So.2d at 228. Because there was conflicting evidence regarding the Smiths’ intent to adversely possess the disputed property, we reverse the trial court’s summary judgment on Hardy’s adverse-possession claim and remand this cause for further proceedings on that issue.
APPEAL — AFFIRMED.
CROSS-APPEAL — AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
THOMPSON, P.J., and PITTMAN and THOMAS, JJ., concur.
DONALDSON, J., recuses himself.

. Although the judgment does not specify that these issues were decided as a matter of law, there was no evidence presented on either issue at the time of the trial and the discussions at the trial indicate that the issues would be decided on the motion for a summary judgment.