ROGER J. DINES *vs.* LIBERTY MUTUAL INSURANCE
COMPANY.

No. 88-P-996.

Worcester. October 13, 1989. - January 11, 1990.

Present: WARNER, C.J., KASS, & SMITH, JJ.

*Lien. Contract*, Storage of vehicle, Implied, What constitutes. *Unjust Enrichment.*

In an action by the owner of a towing and storage business to recover for
storage of a trailer owned by the defendant that had been stolen, recov-
ered by the State police, and towed to the plaintiff's storage facility
without the defendant's knowledge, the judge did not err in finding an
implied contract existed between the parties requiring the defendant to
pay the plaintiff a sum representing the storage charges incurred from
the date the plaintiff received the trailer from the State police (rather
than from the date the defendant was notified of the trailer's location)
to the date that the trailer was returned to the defendant, but not ex-
ceeding the fair market value of the trailer. [198-199]

CIVIL ACTION commenced in the Gardner Division of the
District Court Department on April 1, 1987.

The case was heard by *Austin T. Philbin*, J., on a state-
ment of agreed facts.

*Edward R. Lembo* for the plaintiff.

*Thomas E. Fleischer* for the defendant.

SMITH, J. The plaintiff is engaged in the business of towing
and storing vehicles. He brought an action in District Court
seeking to recover for storage of a vehicle owned by the de-
fendant, Liberty Mutual Insurance Company. The case was
tried on a statement of agreed facts, which we summarize as
follows.

On October 15, 1985, the State police recovered a stolen
trailer. Its owner was unknown. The police ordered it towed
to the plaintiff's storage facility. On January 7, 1986, the de-

fendant, owner of the trailer, learned that it was in the plaintiff's possession but did nothing to regain it.

On March 11, 1986, the plaintiff discovered that the defendant was the owner of the property. On March 14, 1986, the plaintiff gave written notice to the defendant that its trailer was at his storage facility. He enclosed an itemized invoice for $2,980 in storage charges, based on twenty dollars a day from October 15, 1985, the date that he received the trailer from the police. The defendant refused to pay the charges, claiming that it owed only from January 7, 1986, the date that it learned the location of the trailer. The defendant retained possession of the trailer.

On March 11, 1987, the defendant brought an action in the nature of replevin against the plaintiff, seeking recovery of the trailer. On March 18, 1987, the parties entered into an agreement. The plaintiff released the trailer to the defendant, and the defendant agreed to drop its replevin action. The defendant also agreed that the plaintiff could bring an action in an attempt to recover storage charges. The defendant later sent the plaintiff a check for $1,260 as payment of storage charges from January 7, 1986, to March 10, 1986, at the rate of twenty dollars per day. The plaintiff accepted the check as partial payment and without prejudice to an action against the defendant for the balance of the storage charges. The plaintiff then brought the present action in which he asked for $10,400. That sum represented storage charges from the date he received the trailer from the State police to the date that he returned it to the defendant.

The trial judge found that the plaintiff's storage rates were reasonable and that he had complied in all respects with the notice requirements of G. L. c. 266, § 29.[1] The judge ruled

---

[1]General Laws c. 266, § 29, as amended through St. 1980, c. 463, § 4, states, in pertinent part:

"Whenever a stolen or misappropriated motor vehicle is recovered by a police officer or other law enforcement officer, the police department shall notify the registry of motor vehicles, the owner of record and the storage facility if any, as soon as possible after the identity of the owner is determined . . . . In the event the vehicle is placed in a garage or other storage facility, the owner of said facility shall lose his lien for the reasonable

that the plaintiff was entitled to twenty dollars per day for the period which he claimed, October 15, 1985, the date that the plaintiff received the trailer until March 18, 1987. He held that a "quasi-contract or a contract implied in fact" existed between the parties. The judge then limited the plaintiff's recovery to the fair and reasonable value of the trailer, which he set at $5,000. Judgment was issued in favor of the plaintiff for $3,740 ($5,000 minus $1,260 already paid to the plaintiff).

On appeal, the Appellate Division found no error and dismissed the report. Both parties have appealed to this court. The plaintiff contends that his claim is governed by G. L. c. 159B, § 6C, and G. L. c. 266, § 29, and that those statutes do not place a limit on the amount of storage charges that he may recover. The defendant, on the other hand, does not challenge the judge's finding that the charges were reasonable. Rather, it claims that under the statutes it did not incur any storage charges *until* it was notified of the location of the trailer.

The parties' reliance on the statutes as support for their respective positions is misplaced. Those statutes, among other things, bestow upon a storage facility the right to have a lien on the stored property, as security for the storage charges.[2] Their enactment was necessary because there is no common law right to a lien for storage charges in this area. *North End Auto Park, Inc.* v. *Petringa Trucking Co.*, 337 Mass. 618, 620 (1958). Here, the statutes are not relevant because

charges for storage and towing unless he notifies the owner of record of the vehicle by certified mail and return receipt requested within five days of the date of said recovery or his actual knowledge of the identity of the owner of record. Said notice shall contain the information on the location of the vehicle and the amount of charge due on said vehicle."

[2]General Laws c. 159B, § 6C, as amended by St. 1985, c. 452, states, in pertinent part:

"The motor vehicle storage facility shall have a lien for its proper transportation and storage charges due them for the towing and storage of motor vehicles, pursuant to this section . . . ."

they do not purport to deal with the question when the charges begin and when they end.[3]

The judge's finding that a contract implied in law or a quasi-contract existed between the parties was not erroneous. "A quasi-contract or a contract implied in law is an obligation created by law 'for reasons of justice, without any expression of assent and sometimes even against a clear expression of dissent . . . .' " *Salamon* v. *Terra*, 394 Mass. 857, 859 (1985), quoting from 1 Corbin, Contracts § 19 (1963). It has long been recognized that one who has involuntarily received another's property has the right to recover "compensation for the care and expense of keeping and preserving it." *Preston* v. *Neale*, 12 Gray 222, 223 (1858). See also *Chase* v. *Corcoran*, 106 Mass. 286, 288 (1871), in which the court found a promise implied in law from the owner to the person who stored the property to pay reasonable expenses for preserving it. Other jurisdictions have applied this concept to award storage charges to a facility in the same set of circumstances confronted here. See, e.g., *Allstate Ins. Co.* v. *Reeves*, 440 So. 2d 1086, 1089 (Ala. Civ. App. 1983); *State Farm Mut. Auto. Ins. Co.* v. *Hartman*, 450 So. 2d 152, 153 (Ala. Civ. App. 1984); *Hartford Fire Ins. Co.* v. *Albertson*, 59 Misc.2d 207, 209 (N.Y. 1969).

"The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment of one party and unjust detriment to the other party." *Salamon* v. *Terra, supra.* 1 Corbin, Contracts § 19A (Supp. 1989). Here, once the property was recovered by the police, it was stored in a safe facility, preventing vandalism. The defendant benefited from the storage of its property.

The defendant's argument that an owner of a vehicle, stored in the circumstances of the present case, does not incur storage costs until receipt of notice of the vehicle's location is not sound. The benefit to the owner starts from the

---

[3]The statutes refer to a "motor vehicle." The question whether the recovered trailer is a "motor vehicle" for the purposes of the statutes has not been argued. In any event, we need not reach the question.

first day of storage. There is nothing in case or statutory law that supports the defendant's position.[4]

In these circumstances, the amount of the plaintiff's recovery, however, is limited to the fair market value of the stored item. "[I]n this class of cases . . . quasi-contract recovery is limited to the amount of benefit bestowed on the defendant. 1 Corbin, Contracts § 19A (Supp. 1989 at 53). See *Hill* v. *Waxberg*, 237 F.2d 936, 939-940 (9th Cir. 1956)(recovery upon finding of contract implied in law is "limited to the value of the benefit which was acquired"). If the plaintiff were allowed to recover more than the fair value of the trailer, then he would then have more than the benefit conferred on the defendant.

*Judgment affirmed.*

---

[4]The defendant claims that G. L. c. 266, § 29, implies that storage costs commence when the owner receives notice. We disagree. The statute states that the storage facility shall lose its lien "for the reasonable charges for storage and towing" unless it notifies the owner of the location of the stored vehicle. The statute also states that the notice must reveal "the amount of charge due on said vehicle."

Clearly, the Legislature intended that the facility could charge storage costs *before* notification to the owner of the vehicle's location.