SUPREME JUDICIAL COURT 
 
 TODY'S SERVICE, INC. vs. LIBERTY MUTUAL INSURANCE COMPANY

 
 Docket:
 SJC-13710
 
 
 Dates:
 April 7, 2025 - June 20, 2025
 
 
 Present:
 Gaziano, Kafker, Wendlandt, Georges, Dewar, & Wolohojian, JJ.
 
 
 County:
 Middlesex
 

 
 Keywords:
 Unjust Enrichment. Contract, Unjust enrichment, Promissory estoppel, Storage of vehicle. Estoppel. Payment. Value. Police. Practice, Civil, Summary judgment.
 
 

             Civil action commenced in the Superior Court Department on July 21, 2021.
            The case was heard by Paul D. Wilson, J., on a motion for summary judgment.
            The Supreme Judicial Court granted an application for direct appellate review.
            Ralph J. Cafarelli (Michael E. Okolita also present) for the plaintiff.
            Owen Gallagher (Kara Larzelere also present) for the defendant.
            Wystan M. Ackerman & Jonathan E. Small, for American Property Casualty Insurance Association & another, amici curiae, submitted a brief.
            GEORGES, J.  This case concerns a dispute over a six-figure storage fee billed by Tody's Service, Inc. (Tody's), a towing company, to Liberty Mutual Insurance Company (Liberty).  Following a fatal motor vehicle crash involving Liberty's insured, police directed Tody's to tow and store the vehicle as evidence pending a criminal investigation and prosecution.  Nearly three years later, after obtaining title to the vehicle, Liberty refused to pay the accrued storage charges.  Tody's sued Liberty in the Superior Court to recover those fees.  
            A judge granted summary judgment to Liberty on all Tody's claims, including claims of unjust enrichment, promissory estoppel, and failure to pay storage fees under G. L. c. 159B, § 6B (§ 6B).  The judge found no evidence of unjust enrichment, ruled that § 6B does not provide a private right of action, and concluded that Tody's failed to demonstrate any actionable promise or reasonable reliance to support promissory estoppel.  
            On appeal, Tody's argues that the judge erred in concluding that Liberty benefited from the storage, that Liberty's conduct implied a promise to pay, and that § 6B permits a private cause of action.  We disagree.  We hold that (1) Liberty was not unjustly enriched as a matter of law; (2) there is no evidence of reliance sufficient to support promissory estoppel; and (3) § 6B does not create a private right of action against a vehicle owner.  Accordingly, we affirm the judgment in Liberty's favor.[1]
            Background.  We recount the undisputed material facts from the summary judgment record, viewed in the light most favorable to Tody's as the nonmoving party.  Adams v. Schneider Elec. USA, 492 Mass. 271, 280 (2023).  Additional facts are discussed later where relevant.
            1.  Facts.  On March 1, 2016, a driver insured by Liberty crashed into a Newton pizza shop, killing two people and injuring others.  The Newton police declared the site a crime scene, impounded the driver's vehicle, and directed Tody's to tow and secure it at Tody's garage.  The police further instructed Tody's to prevent anyone from accessing the vehicle without police authorization.[2]  The vehicle remained at Tody's under police hold for evidentiary purposes until January 31, 2019 -- following the criminal conviction of Liberty's insured for motor vehicle homicide and related offenses.  The police did not compensate Tody's for towing or storage.   
            A Liberty appraiser inspected the vehicle under police supervision, declared it a total loss, and assigned it a salvage value of $3,302.  Tody's invoiced Liberty $6,470 for initial towing services, which Liberty paid.  On January 9, 2017, Liberty took title to the vehicle, but the vehicle remained in Tody's physical possession.  
            After the police released custody of the vehicle in 2019, Tody's retained the vehicle and billed Liberty $118,290 for its storage -- reflecting over 1,000 days of charges.  Liberty offered either to transfer title to Tody's or to pay the vehicle's salvage value (then estimated at $1,042).
            2.  Procedural history.  Tody's commenced suit in the Superior Court against Liberty, asserting claims including unjust enrichment, promissory estoppel, and violation of G. L. c. 159B, § 6B.[3]  A Superior Court judge granted Liberty's motion for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974), and dismissed the case with prejudice.  Tody's appealed, and we granted Liberty's application for direct appellate review.
            Discussion.  We review a grant of summary judgment de novo.  Garcia v. Steele, 492 Mass. 322, 326 (2023).  Summary judgment is appropriate where no material facts are in dispute and the moving party is entitled to judgment as a matter of law.  HSBC Bank USA, N.A. v. Morris, 490 Mass. 322, 326 (2022).  See Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002).  A moving party may satisfy its burden "either by submitting evidence that negates an essential element of the opposing party's case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element of [its] case at trial" (citation omitted).  Hill-Junious v. UTP Realty, LLC, 492 Mass. 667, 672 (2023).  Once this burden is met, the opposing party must set forth specific facts demonstrating a genuine issue for trial.  Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991), citing Mass. R. Civ. P. 56 (e).
            1.  Unjust enrichment.  Tody's contends that it conferred a benefit upon Liberty by storing the vehicle, thereby preserving potential evidence that could have supported a mechanical defect defense in anticipated civil litigation.[4]  Tody's argues that Liberty's access to this preserved evidence constituted a benefit sufficient to support a claim for unjust enrichment. 
            To succeed on an unjust enrichment claim, a plaintiff must establish that (1) it "conferred a measurable benefit" on the defendant, (2) it "reasonably expected compensation," and (3) "the defendant accepted the benefit with knowledge" of that reasonable expectation.  Columbia Plaza Assocs. v. Northeastern Univ., 493 Mass. 570, 589 (2024).  Tody's claim fails on at least two elements.
            First, the record lacks evidence from which a jury could reasonably find a measurable benefit conferred on Liberty.  Although Liberty initially contemplated inspecting the vehicle, and -- viewing the evidence in the light most favorable to Tody's -- might have considered a mechanical defect defense, Liberty did not pursue such a defense.  Indeed, despite its insured's claim that the vehicle "sudden[ly] accelerat[ed]," a Liberty claims adjuster noted, on September 28, 2016, that prosecutors "[did] not believe" a mechanical defect caused the crash.  The following day, the claims adjuster made the same determination, noting the investigation up until that date revealed no mechanical failure and instead attributed the crash to "the insured . . . traveling in excess of the speed limit for the area" and "fail[ing] to apply [the] brakes." 
            Liberty's actions confirmed this conclusion:  it decided to tender the policy limit to all claimants years before the vehicle was released by the police, and it began issuing payments in or around April 2018.  At no point did Liberty rely on the vehicle's preservation in assessing liability or forming a defense.[5]  
            In sum, the summary judgment record reveals no triable issue whether Liberty received a measurable, nonspeculative benefit from Tody's.  Liberty is therefore entitled to judgment as a matter of law on the unjust enrichment claim.[6] 
            2.  Promissory estoppel.  Next, we address Tody's claim that Liberty is liable for storage costs under the equitable doctrine of promissory estoppel.  This claim arises from a December 23, 2016, conversation between Liberty's appraiser and Tody's manager, during a visit to Today's facility.  Tody's manager testified at a deposition that he inquired about payment for towing and storage during the visit.  The appraiser responded by commenting that the storage rate was "kind of cheap" and suggested Tody's "should go a little higher."  When asked whether Tody's would be paid for the towing and recovery, the appraiser confirmed, "[Y]es, that would be a separate bill."  A Newton police officer present for this conversation corroborated this account.  The appraiser's claim summary notes also reflect that the storage charges would be determined upon release of the vehicle.
            To prevail on a promissory estoppel claim, Tody's must show (1) a representation intended to induce reliance; (2) reasonable reliance on that representation; and (3) resulting detriment.  See Columbia Plaza Assocs., 493 Mass. at 585.  Because promissory estoppel "is equivalent to a contract action," all elements of a contract other than consideration must be established.  Id., quoting Rhode Island Hosp. Trust Nat'l Bank v. Varadian, 419 Mass. 841, 850 (1995).  
            Even assuming the appraiser's statements were intended to induce reliance, the summary judgment record contains no evidence that Tody's in fact relied on them.  Indeed, by the time of the conversation, Tody's had already stored the vehicle for nine months and continued to do so without change.  As the Appeals Court has explained, a claim of estoppel "presupposes a change of position by the plaintiff."  Transamerica Ins. Group v. Turner Constr. Co., 33 Mass. App. Ct. 446, 452 (1992). 
            Tody's now contends that, had it known Liberty would not pay storage fees beyond the vehicle's value, it would have "taken some action," suggesting it might have transferred the vehicle elsewhere.  But there is no evidence another facility was available or that Tody's believed it could disregard the police directive to store the vehicle.  In fact, Tody's manager testified that when he receives an order from police "through the courts," he complies.
            In short, Tody's stored the vehicle in response to a police directive, not in reliance on any promise by Liberty.  Its assertion that it would have acted differently is speculative and unsupported by the record.  See Carroll v. Select Bd. of Norwell, 493 Mass. 178, 194 (2024) ("unsupported speculation [is] entitled to no weight" [citation omitted]).  Accordingly, the reliance element of promissory estoppel is not satisfied.  
            3.  G. L. c. 159B, § 6B.  Finally, Tody's seeks to recover storage fees from Liberty pursuant to § 6B, which limits charges for vehicles involuntarily towed.  For unpaid storage charges, the statute authorizes a storage facility to claim a lien that can be enforced through sale of the vehicle in accordance with G. L. c. 255, § 39A.  Section 6B, however, does not expressly authorize a private right of action against the vehicle owner, and the existence of a statutory remedy (the lien and sale mechanism) weighs against any such implication.  Barbuto v. Advantage Sales & Mktg., LLC, 477 Mass. 456, 470 (2017), citing Salvas v. Wal-Mart Stores, Inc., 452 Mass. 337, 373 (2008).  Absent clear legislative intent, we decline to infer such a right.  See Barbuto, supra at 469.  Thus, Tody's claim under the statute was properly dismissed.  
            Conclusion.  We affirm the grant of summary judgment in favor of Liberty on all of Tody's claims.
So ordered.
 
footnotes

 
            [1] We acknowledge the amicus brief submitted by the American Property Casualty Insurance Association and the Massachusetts Insurance Federation.
            [2] After completing an inventory, the police ordered the vehicle moved to their own facility, where they later executed a search warrant.  On April 29, 2016, the vehicle was returned to Tody's garage.
            [3] Although Tody's asserted a breach of contract claim, it did not oppose summary judgment in Liberty's favor and raises no argument on appeal regarding that claim.  Tody's also alleged a "breach of quasi-contract or contract implied in fact," but the scope of this claim is unclear.  A "quasi contract" is generally understood as a "contract implied in law," not in fact.  Salamon v. Terra, 394 Mass. 857, 859 (1985).  LiDonni, Inc. v. Hart, 355 Mass. 580, 583 (1969).  Insofar as Tody's asserted a contract implied in law, our later analysis of the unjust enrichment claim is dispositive.  See Lopes v. Commonwealth, 442 Mass. 170, 179 (2004) ("the plaintiffs' claim of unjust enrichment does not state a separate cause of action, but a theory of recovery"); Salamon, supra ("The underlying basis for awarding quantum meruit damages in a quasi-contract case is unjust enrichment . . .").  Conversely, if the claim was based on contract implied in fact, it is waived for failure to raise any argument in the brief.  See Mass. R. A. P. 16 (a) (9) (A), as appearing in 481 Mass. 1628 (2019).
            [4] Given that the vehicle had been declared a total loss, Tody's emphasizes its evidentiary -- not intrinsic -- value.  Tody's distinguishes this case from Dines v. Liberty Mut. Ins. Co., 28 Mass. App. Ct. 195, 198-199 (1990), where the benefit of vehicle storage was framed as preventing vandalism, and recovery was limited to fair market value.  As Tody's does not claim a similar benefit of preventing vandalism, we need not address that issue.  See Mass. R. A. P. 16 (a) (9) (A).  Our analysis instead centers on the vehicle's asserted evidentiary value.
            [5] Additionally, Tody's claim fails because it was not reasonable to expect Liberty to pay for the vehicle storage.  From March 1, 2016, until January 31, 2019, the Newton police department controlled the vehicle for investigatory and prosecutorial purposes.  Liberty did not request, direct, or voluntarily accept Tody's storage services -- the vehicle was towed and stored at police direction.  Accordingly, as Tody's storage services were not "voluntarily accepted" by Liberty, Tody's could have no reasonable expectation that Liberty would pay for those services.  Salamon, 394 Mass. at 861.
            [6] Because the unjust enrichment claim fails, we need not decide whether recovery is limited to the vehicle's fair market value.  See Dines, 28 Mass. App. Ct. at 199 (limiting quasi contract recovery for involuntarily towed vehicle to its fair market value).